**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**RAFAEL RIVERA**,

                            **Petitioner**,

        **v.**                           **Civil No. 9:00-CV-2059**
                                                          **(GLS/GJD)**

**GEORGE DUNCAN, Superintendent,**

                            **Respondent.**

**APPEARANCES:**                   **OF COUNSEL:**

**FOR PETITIONER:**

**RAFAEL RIVERA**
*Pro Se*
95-A-2564
Elmira Correctional Facility
Box 500
Elmira, NY 14902-0500

**FOR RESPONDENT:**

**HON. ELIOT SPITZER**           **MARIA MORAN, ESQ.**
Office of the Attorney General     Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## Decision and Order

Pursuant to 28 U.S.C. § 2254, Rafael Rivera challenges his New

York State conviction for Promoting Prison Contraband in the First Degree, and his subsequent sentence of three and one half to seven years as a second felony offender.  His petition was referred to Chief Magistrate Judge Gustave J. DiBianco who issued a report recommending that the petition be denied.[1]  *See Report-Recommendation ("R&R"), Dkt. No. 42*.  Rivera subsequently filed a timely, but rambling document that has the word "appeal" in it.  *See Rivera "Objection", Dkt. No. 43.*  The court has read the document as broadly as possible and construed it as an "objection," but it utterly fails to comply with the federal, Habeas Corpus, and this district's local rules.  Therefore, Rivera has procedurally defaulted.  Accordingly, the court has reviewed Chief Judge DiBianco's report in light of Rivera's objection, and since the report is not clearly erroneous, the court adopts it in its entirety, and denies Rivera's petition.  *See Almonte v. New York State Division of Parole*, 9:04-CV-484, 2006 WL 149049, *3-6 (N.D.N.Y. Jan. 18, 2006).  The court writes briefly to lend context to its clearly erroneous review, and to comment on Chief Judge DiBianco's procedural default conclusions.

---

[1] The court assumes familiarity with Chief Judge DiBianco's report, including his legal conclusions, and adopts his factual findings which are uncontested.  The Clerk is directed to append the Report and Recommendation to this decision and order.

2

Regardless of the rules governing habeas corpus petitions, Chief Judge DiBianco was extraordinarily accommodating by considering not only each issue suggested in Rivera's original petition, but also those suggested in Rivera's supplemental submissions.  *Compare Rivera Pet., Dkt. No. 1; Rivera Reply, Dkt. No. 17; Rivera Supplemental Mem., Dkt. No. 35; R&R at 5, 8-9; and* Rule 2(c)(1-3), RULES GOVERNING HABEAS CORPUS PETITIONS foll. 28 U.S.C. § 2254.  A simple review of Rivera's documents underscores why the court has used the word "suggested" to characterize the issues.  Rivera's recitals offer little guidance as to how most of his issues relate to his unlawful custody in violation of the "Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In support of his petition, he did little more than attach two state appellate briefs - one filed by his appellate counsel and a second filed by Rivera, *pro se*.  *See Rivera Pet., Reply & Supplemental Mem.*  Nonetheless, and in complete recognition of both the demands of justice and the deference accorded those who proceed *pro se*, Chief Judge DiBianco did what Magistrate Judges in this District invariably do: he interpreted Rivera's claims as broadly as his extensive judicial experience permitted; he reviewed the entire underlying record regarding those claims; he catalogued them; and

3

he gave detailed factual and legal reasons as to why some should be denied on the merits, why some should be denied because Rivera waived them, why Rivera had failed to exhaust several, why he was in procedural default as to several, and why he had failed to demonstrate cause and prejudice or actual innocence as an exception to the procedural default. *See R&R*.

In response to Chief Judge DiBianco's detailed legal and factual roadmap, Rivera filed a one page document with the word "appeal" on its first page, and then attached selected pages from his identical submissions to Chief Judge DiBianco.  *See Rivera "Objection", Dkt. No. 43*.  As to the report's roadmap, Rivera did not address a single factual conclusion nor did he specifically identify or address any of the legal conclusions.  In fact, his objection is no objection whatsoever.  *See Almonte*, 2006 WL 149049, at *3-6.  Accordingly the court has reviewed Chief Judge DiBianco's report for clear error, and determined that there is none.  *Id.* at *6. The court also adopts Chief Judge DiBianco's conclusions regarding procedural default, *see R&R at 13 & n. 8*, since Rivera has received notice and failed to respond.  *See Acosta v. Artuz*, 221 F.3d 117, 124-125 (2d Cir. 2000).

After careful consideration of the factual and legal conclusions recited in Chief Magistrate Judge DiBianco's Report and Recommendation, Rivera's "objection", Rivera's procedural default, and the applicable law, and for the reasons stated, the court hereby

**ORDERS** that the Report of Chief Magistrate Judge Gustave J. DiBianco (*Dkt. No. 42*) is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that Petitioner Rafael Rivera's petition for a writ of habeas corpus (*Dkt. No. 1*) is **DENIED AND DISMISSED**; and it is further

**ORDERED** that the Clerk of Court close this case.

**IT IS SO ORDERED.**

Dated:  February 6, 2006
       Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge